Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
E-mail: aharris@harrisandruble.com
E-mail: pmohan@harrisandruble.com

Darryl A. Stallworth (SBN 163719)
THE LAW OFFICE OF DARRYL A.
STALLWORTH
2355 Broadway, Suite 303
Oakland, California 94612
Telephone: (510) 271-1900
Facsimile: (510) 271-1902
E-mail: dstallworth@your-defense.com

*Attorneys for Plaintiff*

E-filing

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLA DEATRICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, a Delaware corporation,<br><br>Defendants. | Case No. **CV 12 1055**<br>**COMPLAINT**<br><br>*[Class Action Complaint]*<br><br>1. Violation of the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq.*<br><br>2. Violation of Cal. Civ. Code § 1798.82<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff ELLA DEATRICK ("Plaintiff"), individually and on behalf of all other
2  similarly situated individuals, hereby demands a jury trial and alleges as follows against
3  the above-named Defendant:

## SUMMARY OF COMPLAINT

5    1.    *Summary Introduction.*    On or about December 2, 2011, members of
6  Congress sent a letter to the Director of TRICARE Management Authority ("TMA"), Dr.
7  Jonathan Woodson, requesting a written explanation as to why TMA's contractor,
8  Science Applications International Corporation ("SAIC"), had allowed an SAIC
9  employee (1) to transport personally identifiable and protected health information in the
10  employee's personal vehicle and (2) to leave the vehicle unattended, where the
11  information was stolen. As of the date of the letter, SAIC had had six prior security
12  breaches concerning sensitive private information—one being a similar security breach
13  where computer backup tapes were stolen.    SAIC's acts and omissions violate
14  California's Confidentiality of Medical Information Act ("CMIA"), section 56 *et seq.* of
15  the California Civil Code, which Act grants California residents a statutory cause of
16  action for the unauthorized disclosure of medical information whether or not an injury
17  can be identified.

18    2.    *Summary Statement of Facts.*    The release of information took place on or
19  about Monday, September 12, 2011 ("the Breach"). Thereafter, on or about Wednesday,
20  September 14, 2011, SAIC reported the Breach to TMA. The Breach involved an
21  estimated 4.9 million military clinic and hospital patients. The medical information was
22  stored on backup tapes that were being transported by an SAIC employee. The backup
23  tapes, which—in violation of industry practice—were not encrypted, were left in the
24  employee's personal vehicle in an unattended parking garage, where they were stolen.

25    3.    The backup tapes contained electronic health-care records used in the
26  military health system ("MHS") to capture patient data from 1992 through September 7,
27  2011, in certain military treatment facilities ("MTFs"). The backup tapes contained
28  personal health information consisting of patient information for filling pharmacy

1   prescriptions, laboratory workups, Social Security numbers, addresses, phone numbers,
2   and some personal health data, such as clinical notes, laboratory tests, prescriptions, and
3   other health information.  Although the Breach occurred on or about September 12, 2011,
4   because of SAIC's and TMA's negligence, Defendant did not notify Plaintiff until on or
5   about November 11, 2011.  Indeed, many Class Members did not receive notice until
6   weeks thereafter.

7       4.     **Summary Statement of Law.**  The California Legislature has enacted the
8   CMIA, granting California residents a statutory cause of action for the unauthorized
9   disclosure of medical information whether or not an injury can be identified.  The CMIA
10  provides:

11          In addition to any other remedies available at law, any individual may
12      bring an action against any person or entity who has negligently released
13      confidential information or records concerning him or her in violation of this
14      part, for either or both of the following:  (1) Nominal damages of one
15      thousand dollars ($1,000).  In order to recover under this paragraph, it shall
16      not be necessary that the plaintiff suffered or was threatened with actual
17      damages.     (2) The amount of actual damages, if any, sustained by the
18      patient.

19  Cal. Civ. Code § 56.36(b).  As nominal damages are available, "it shall not be necessary
20  that the plaintiff suffered or was threatened with actual damages."  *Id.* Indeed, the Ninth
21  Circuit has held that "[t]he injury required by Article III can exist solely by virtue of
22  'statutes creating legal rights, the invasion of which creates standing,'" and that,
23  "[e]ssentially, the standing question in such cases is whether the constitutional or
24  statutory provision on which the claim rests properly can be understood as granting
25  persons in the plaintiff's position a right to judicial relief."  *Edwards v. First Am.*, 610
26  F.3d 514, 517 (9th Cir. 2010).

27      5.     **Summary Conclusion.**  SAIC and TMA negligently released personal
28  medical information when they allowed an unauthorized third party to gain possession of

1   Plaintiff's personal health information.   A negligent release of private medical
2   information was committed through SAIC's failure to protect that information in any of
3   the following five ways:  First, by allowing an SAIC employee to transport private
4   medical files in an unsecured passenger vehicle where the patient files were not
5   adequately secure.  Second, by not having an adequate process or adequate controls to
6   prevent unsecured patient files from being left in a passenger vehicle, once transported,
7   and left unattended in a public parking lot.  Third, in violation of standard industry
8   practice, by storing the private medical patient files without proper encryption.  Fourth,
9   by taking at least a month to notify patients regarding the theft of their medical
10  information.  Finally, by allowing undetected and unauthorized access where private
11  medical patient files were kept.

12      6.      Plaintiff did not authorize SAIC or TMA to disclose her medical
13  information.  Consequently, the theft of the unsecured back-up files that contained patient
14  medical information is a violation of the CMIA.

15                          **JURISDICTION AND VENUE**

16      7.      *Jurisdiction.*  As alleged more particularly below, the Court has jurisdiction
17  of this action under the Class Action Fairness Act of 2005, codified in relevant part in 28
18  U.S.C. § 1332(d)(2).   The amount in controversy exceeds $5,000,000, exclusive of
19  interest and costs; at least one putative Class Member is a citizen of a State different than
20  that of SAIC; and the Class that Plaintiff seeks to represent consists of more than one-
21  hundred persons.

22      8.      *Venue.*  Venue is proper in the Northern District of California pursuant to 28
23  U.S.C §§ 1391(b)–(c) and 1441(a) because Defendant resides in this District and a
24  substantial part of the events or occurrences upon which this action is based, and which
25  give rise to the claims asserted herein, occurred in this District.  Plaintiff and numerous
26  Class Members obtained medical attention and/or medical-related services from medical
27  providers in this District, and, in so doing, their confidential medical information was
28  collected in this District.  In addition, SAIC is subject to personal jurisdiction in this

1  District because it received substantial compensation and profits from the sale of its
2  respective products and services in this District.

3      9.      For example, TMA has a service center in Alameda, California. TMA is
4  the uniformed-services health-care program for active-duty service members and their
5  dependents, as well as for retired members and their dependents. TMA contracts with
6  civilian-managed care-support contractors, including SAIC.

7      10.     *Intradistrict Assignment.* Plaintiff is informed and believes and thereon
8  alleges that the confidential medical information that is at issue in this case includes
9  information for individuals residing in the counties of Alameda, Contra Costa, Humboldt,
10 Lake Marin, Mendocino, Napa, San Francisco, San Mateo, and/or Sonoma. Accordingly,
11 assignment to the San Francisco Division is appropriate.

12                                **PARTIES**

13     11.     Plaintiff Ella Deatrick is, and at all times mentioned in this Complaint was,
14 an individual over the age of eighteen years. On November 11, 2011, Plaintiff received a
15 letter from SAIC informing her that her private medical information had been released
16 without her authorization.

17     12.     Plaintiff is informed and believes and thereon alleges that Defendant SAIC
18 is, and at all times relevant to this Complaint was, a corporation organized under the laws
19 of the State of Delaware, having its principal place of business located in McLean,
20 Virginia.

21     13.     SAIC is a government contractor supporting the MHS. SAIC's
22 responsibilities include managing and protecting health-care information for the MHS.
23 Unless otherwise designated hereinafter, all references to Defendant shall mean SAIC.
24 All references made in this Complaint to Defendant shall include all of Defendant's
25 predecessors, successors, or representatives while actively engaged in the management of
26 each of the Defendant's affairs.

27                        **CLASS-ACTION ALLEGATIONS**

28     14.     Plaintiff brings this action on behalf of herself and all other persons similarly

situated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure ("FRCP"). The Class that Plaintiff seeks to represent is defined as:

> All California residents whose confidential medical information was contained on the tapes that were stolen on or about September 12, 2011.

15. *Numerosity (FRCP 23(a)(1)).* The proposed Class is so numerous that joinder of all individual Members in one action would be impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court.

16. Plaintiff is informed and believes and thereon alleges that there are more than 5,000 Members that comprise the Class. Nevertheless, the size of the Class is not so great as to make this action unmanageable.

17. The exact size of the Class and the identities of individual Members thereof are ascertainable through SAIC's or TMA's records.

18. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to this Class and deemed necessary and/or appropriate by the Court.

19. *Typicality (FRCP 23(a)(3)).* Plaintiff's claims are typical of the claims of the entire Class. The claims of Plaintiff and Members of the Class are based on the same legal theories and arise from the same unlawful conduct. Plaintiff and Class Members' confidential medical information was contained on the tapes that were stolen on or about September 12, 2011.

20. *Common Questions of Fact and Law (FRCP 23(a)(2) and 23(b)(3)).* There is a well-defined community of interest, as well as common questions of law and fact, affecting the Members of the Class.

21. The questions of law and fact common to the Class predominate over questions that may affect individual Members. These questions includes, for example, whether SAIC—an entity whose very business is the safeguarding of confidential

1   information—negligently released or disclosed Plaintiff and the Class' confidential
2   medical information without authorization; whether SAIC improperly delayed in
3   providing notice to Plaintiff and Class Members of the Breach; and whether Plaintiff and
4   the Class are entitled to damages, costs, and/or attorney's fees for SAIC's acts and
5   omissions.

6       22.     *Adequacy of Representation (FRCP 23(a)(4)).*   Plaintiff is an adequate
7   representative of the Class because her interests do not conflict with those of the Class.
8   Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the
9   Class, and Plaintiff has no interests antagonistic to the Class. Plaintiff has retained
10  counsel who are competent and experienced in the prosecution of class-action litigation.

11      23.     *Superiority (FRCP 23(b)(1) and 23(b)(3)).*   A class action is superior to
12  other available means for the fair and efficient adjudication of the claims of the Class.
13  While the aggregate damages that may be awarded to the Class are likely to be
14  substantial, the nominal damages recovered by individual Members of the Class are
15  relatively small. As a result, the expense and burden of individual litigation make it
16  economically infeasible and procedurally impracticable for each Member of the Class to
17  seek individual redress for the wrongs done to them. While the likelihood of Class
18  Members' prosecuting individualized claims is remote, individualized litigation would
19  present the potential for varying, inconsistent, or contradictory judgments, and it would
20  increase the delay and expense to all parties and the court system resulting from multiple
21  trials of the same factual issues. In contrast, the conduct of this matter as a class action
22  presents fewer management difficulties, conserves the resources of the parties and the
23  court system and would protect the rights of each Member of the Class. Finally, equity
24  dictates that all persons who stand to benefit from the relief sought herein should be
25  subject to the lawsuit and, hence, subject to an order spreading the costs of litigation
26  among the Class Members in relationship to the benefits received.

27  / / / / /

28

1

2

## FIRST CLAIM FOR RELIEF

### Violation of the CMIA, Cal. Civ. Code § 56 *et seq.*

3    24.    Plaintiff incorporates by reference each and every allegation set forth above
4   as if set forth in full herein.

5    25.    California Civil Code sections 56 through 56.37 inclusive, known as the
6   CMIA, makes the unauthorized use and/or disclosure by a health-care provider of a
7   patient's medical information unlawful, except as permitted or required by law.

8    26.    "Medical information," "patient," and "provider of health care" are defined
9   under the CMIA as follows:

10    (g)    **"Medical information"** means any individually

11   identifiable information, in electronic or physical form, in possession of or
12   derived from a provider of health care, health care service plan,
13   pharmaceutical company, or contractor regarding a patient's medical history,
14   mental or physical condition, or treatment.    "Individually identifiable"
15   means that the medical information includes or contains any element of
16   personal identifying information sufficient to allow identification of the
17   individual, such as the patient's name, address, electronic mail address,
18   telephone number, or social security number, or other information that, alone
19   or in combination with other publicly available information, reveals the
20   individual's identity.

21    (h)    **"Patient"** means any natural person, whether or not still living,
22   who received health care services from a provider of health care and to
23   whom medical information pertains.

24    . . . .

25    (j)    **"Provider of health care"** means any person licensed or
26   certified pursuant to Division 2 (commencing with Section 500) of the
27   Business and Professions Code; any person licensed pursuant to the
28   Osteopathic Initiative Act or the Chiropractic Initiative Act; any person

certified pursuant to Division 2.5 (commencing with Section 1797) of the
Health and Safety Code; any clinic, health dispensary, or health facility
licensed pursuant to Division 2 (commencing with Section 1200) of the
Health and Safety Code. "Provider of health care" does not include
insurance institutions as defined in subdivision (k) of Section 791.02 of the
Insurance Code.

Cal. Civ. Code § 56.05 (emphasis supplied).

27.     Pursuant to California Civil Code section 56.05(h), Plaintiff and the Class
are, and at all times relevant herein were, "patients" who received health-care services
from providers of health-care and/or pharmacists in the form of prescription drugs and/or
prescription-drug-related services, medical diagnosis, and/or physician-prescribed
laboratory tests.

28.     By its acts, SAIC is a "provider of health care" for purposes of the CMIA.
In this regard, California Civil Code section 56.06 provides:

(a)     Any business organized for the purpose of maintaining medical
information in order to make the information available to an individual or to
a provider of health care at the request of the individual or a provider of
health care, for purposes of allowing the individual to manage his or her
information, or for the diagnosis and treatment of the individual, shall be
deemed to be a provider of health care subject to the requirements of this
part. However, nothing in this section shall be construed to make a business
specified in this subdivision a provider of health care for purposes of any
law other than this part, including laws that specifically incorporate by
reference the definitions of this part.

(b)     Any business described in subdivision (a) shall maintain the
same standards of confidentiality required of a provider of health care with
respect to medical information disclosed to the business.

/ / / / /

1           (c)     Any business described in subdivision (a) shall be subject to the

2     penalties for improper use and disclosure of medical information prescribed

3     in this part.

4     *Id.* § 56.06. Plaintiff is informed and believes and thereon alleges that SAIC is deemed to

5     be a provider of health care subject to the requirements of the CMIA pursuant to

6     California Civil Code section 56.06.

7           29.    As noted above, SAIC is a government contractor supporting the MHS.

8     SAIC's services include transporting backup tapes containing medical information.

9           30.    SAIC is organized for the purpose of maintaining medical information in

10    order to make the information available to an individual or to a provider of health care at

11    the request of TMA, the individual, or a provider of health care for purposes of allowing

12    the individual to manage his or her information, or for diagnosis and treatment.

13          31.    SAIC processes medical information for more than 4 million patients.

14          32.    Plaintiff is informed and believes and thereon alleges that SAIC not only

15    captures but also maintains patients' medical information for the purpose of diagnosis and

16    treatment.

17          33.    Plaintiff is informed and believes and thereon alleges that, once captured,

18    SAIC maintains each patient's medical information in its database during the term of its

19    contract with the pharmacy, health-care provider, or other third party, and for years

20    thereafter. Plaintiff is informed and believes and thereon alleges that SAIC maintains

21    each patient's medical information in its database in order to allow each patient the

22    opportunity to manage his or her medical information by requesting an amendment

23    thereto or by requesting an accounting of all disclosures of that patient's medical

24    information, pursuant to state and federal laws.

25          34.    During all times relevant herein, Plaintiff and Members of the Class were

26    patients of medical providers and/or pharmacies, and Plaintiff and Class Members'

27    medical information was captured and maintained by SAIC as described above.

28          35.    The CMIA makes it unlawful to disclose a patient's medical information

10
COMPLAINT

1 without authorization:

2          (a)    No provider of health care, health care service plan, or
3    contractor shall disclose medical information regarding a patient of the
4    provider of health care or an enrollee or subscriber of a health care service
5    plan without first obtaining an authorization, except as provided in
6    subdivision (b) or (c).

7    *Id.* § 56.10. Similarly, the CMIA states:

8          A recipient of medical information pursuant to an authorization as
9    provided by this chapter or pursuant to the provisions of subdivision (c) of
10   Section 56.10 may not further disclose that medical information except in
11   accordance with a new authorization that meets the requirements of Section
12   56.11, or as specifically required or permitted by other provisions of this
13   chapter or by law.

14   *Id.* § 56.13.

15        36.    Plaintiff is informed and believes and thereon alleges that, as a result of its
16   aforementioned agreement with TMA, SAIC transported medical information that was
17   stolen due to SAIC's negligence.

18        37.    Again, on or about September 12, 2011, SAIC reported the Breach,
19   involving an estimated 4.9 million military clinic and hospital patients.

20        38.    The medical information was stored on backup tapes that were being
21   transported by an SAIC employee. The backup tapes, which were not encrypted, were
22   left in the employee's personal vehicle in an unattended parking garage, where they were
23   stolen.

24        39.    The backup tapes contained personal health information consisting of
25   patient information for filling pharmacy prescriptions, laboratory workups, Social
26   Security numbers, addresses and phone numbers, and some personal health data, such as
27   clinical notes, laboratory tests, prescriptions, and other health information.

28   / / / / /

1    40.    Although the Breach occurred on or about September 14, 2011, because of

2  SAIC's negligent protection of its patients' personal health information, SAIC did not

3  notify Plaintiff until on or after November 11, 2011.

4    41.    As a direct result of SAIC's unlawful acts and/or omissions as alleged

5  herein, Plaintiff and Members of the Class are each entitled to statutory damages of

6  $1,000 pursuant to California Civil Code section 56.36(b)(1).

7                            **SECOND CLAIM FOR RELIEF**

8                        **Violation of Cal. Civ. Code § 1798.82**

9    42.    Plaintiff incorporates by reference each and every allegation set forth above

10  as if set forth in full herein.

11    43.    The missing backup tapes contained electronic health-care records used by

12  the MHS to capture patient data from 1992 through September 7, 2011. The backup

13  tapes contained personal health information consisting of patient information for filling

14  pharmacy prescriptions, laboratory workups, Social Security numbers, addresses and

15  phone numbers, and some personal health data, such as clinical notes, laboratory tests,

16  prescriptions, and other health information.   Many of the patients were California

17  residents.

18    44.    The missing backup tapes included personal information within the meaning

19  of California Civil Code section 1798.82.  Accordingly, SAIC had an obligation to

20  promptly disclose any breach in the security of those files to any resident of California

21  whose unencrypted personal information was, or was reasonably believed to have been,

22  acquired by an unauthorized person.

23    45.    The information security incident occurred on or about September 12, 2011,

24  and SAIC had knowledge of the incident on or about September 14, 2011.  However,

25  SAIC unreasonably delayed in notifying Plaintiff and Members of the Class of the

26  incident, in violation of California Civil Code section 1798.82.  Plaintiff did not receive

27  notification of the Breach from SAIC until on or about November 11, 2011.  SAIC's

28  notice to Plaintiff and Members of the Class also did not provide adequate detail

1 regarding the security breach.

2     46.    Detailed information about the type of health information or financial
3 information that has been compromised is essential to a meaningful disclosure. The
4 underlying purpose of section 1798.82 is to allow California residents whose personal
5 information has been compromised to make intelligent and prompt decisions about what
6 actions to take, which may possibly include placing a fraud alert or security freeze on
7 their credit files; or checking their credit reports and health-benefit statements on regular
8 intervals for irregular activity. The notice SAIC provided to Plaintiff and Members of the
9 Class was inadequate and did not allow them to make the prompt and intelligent
10 decisions contemplated by section 1798.2.

11     47.    Pursuant to California Civil Code section 1798.84(e), Plaintiff seeks an
12 order (1) requiring SAIC to make a detailed disclosure to Plaintiff and Members of the
13 Class of the type of health and personal information included on the missing backup files
14 and (2) requiring SAIC to notify Plaintiff and Members of the Class of any future
15 security breaches promptly and with sufficient detail.

16 **PRAYER FOR RELIEF**

17     **WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for judgment
18 against Defendant as follows:

19     (1)   An order certifying the Class and appointing Plaintiff and her counsel
20         to represent the Class;

21     (2)   Statutory damages pursuant to California Civil Code section
22         56.36(b)(1);

23     (3)   Pre- and post-judgment interest;

24     (4)   Attorney's fees and for costs of suit incurred herein pursuant to, *inter*
25         *alia*, the common fund and Private Attorney General doctrines, as
26         may be appropriate;

27     (5)   Appropriate injunctive and/or declaratory relief, including an order
28         requiring SAIC (a) to stop negligently handling patient medical and

1      financial information and (b) to comply with California Civil Code

2      section 1798.82 by promptly notifying its patients of any future

3      security breaches, including a detailed description of the type of

4      health or financial information implicated; and

5      (6)    Such other and further relief as this Court may deem just and proper.

6

7 DATED: March 1, 2012              HARRIS & RUBLE

8                              THE LAW OFFICE OF DARRYL A.
STALLWORTH
9

10                              Alan Harris

11                              *Attorneys for Plaintiff*

12

13                     **DEMAND FOR JURY TRIAL**

14        Plaintiff demands a trial by jury as to all claims for relief.

15

16 DATED: March 1, 2012              HARRIS & RUBLE

17                              THE LAW OFFICE OF DARRYL A.
STALLWORTH
18

19                              Alan Harris

20                              *Attorneys for Plaintiff*

21

22

23

24

25

26

27

28